IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56134-4-II |
| Respondent, | |
| v. | |
| MARK RICHARD KILGORE, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, C.J.—A jury found Mark Richard Kilgore guilty of bail jumping. The trial court imposed a mitigated exceptional sentence, a $500 victim penalty assessment, and a $100 DNA collection fee for a total of $600 in legal financial obligations (LFOs).

Kilgore appeals his sentence, arguing that remand is necessary for the superior court to modify his judgment and sentence to include language clarifying that payment of his LFOs may not be satisfied out of any Social Security Administration benefits. We disagree.

Pursuant to 42 U.S.C. § 407(a), LFOs may not be satisfied through application of Social Security benefits. *State v. Dillon*, 12 Wn. App. 2d 133, 153, 456 P.3d 1199 (citing *State v. Catling*, 193 Wn.2d 252, 264, 438 P.3d 1174 (2019)), *review denied*, 195 Wn.2d 1022 (2020). However, Kilgore is not entitled to appellate relief on his claim of error.

First, Kilgore did not raise this issue below and, therefore, it is not preserved for appeal. "The general rule is that appellate courts will not consider issues raised for the first time on appeal." *State v. Kirkman*, 159 Wn.2d 918, 926, 155 P.3d 125 (2007) (citing RAP 2.5(a)). Although a claim of error may be raised for the first time on appeal if it is a manifest error affecting a constitutional

right, Kilgore's claim does not meet that standard. The prohibition against LFOs being satisfied through Social Security benefits is derived from a federal statute. *See* 42 U.S.C. § 407(a). Furthermore, the claimed error is not manifest because there is no indication in the record that Kilgore receives Social Security benefits. *See State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). As such, Kilgore fails to show that he was actually prejudiced by the absence of language in the judgment and sentence providing that the LFOs imposed by the superior court could not be satisfied through Social Security benefits. *See Kirkman*, 159 Wn.2d at 926-27.

Second, because nothing in the record suggests that Kilgore receives Social Security benefits, this case is distinguishable from *Dillon* and *Catling*. In *Dillon*, we remanded the case to the trial court "to amend the judgment and sentence to indicate that the $500 victim assessment fee may not be satisfied out of any funds subject to 42 U.S.C. § 407(a)." 12 Wn. App. 2d at 153. We did so because the record in that case indicated that "Dillon's sole source of income [was] his Social Security disability funds." *Id*. Likewise, in *Catling*, our Supreme Court remanded the case "to the trial court to revise the judgment and sentence and repayment order . . . to indicate that [an] LFO may not be satisfied out of any funds subject to . . . 42 U.S.C. § 407(a)." 193 Wn.2d at 266. During the sentencing hearing in that case, "Catling's attorney argued that . . . Catling's sole source of income was Social Security disability benefits." *Id*. at 255.

Here, the record does not contain any evidence that Kilgore receives Social Security benefits. If evidence that Kilgore receives Social Security benefits exists outside the record, Kilgore may consider bringing a personal restraint petition. *See McFarland*, 127 Wn.2d at 338 n.5. If at a future date, Kilgore receives income from Social Security benefits and the State attempts to

No. 56134-4-II

collect in violation of the antiattachment statute, nothing prevents Kilgore from asking the trial court for relief from any improper attempts at collection at that time.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Lee, J.

Veljacic, J.

3